# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANET WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-702-SMY-RJD |
| SHOP 'N SAVE WAREHOUSE FOODS, INC. and SUPERVALU, INC., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Supervalu Inc.'s Motion to Dismiss (Doc. 4). Plaintiff has not responded to Defendant's motion. For the following reasons, the motion is **GRANTED**.

## Background

On or about May 23, 2015, Plaintiff was shopping at Defendant Shop 'n Save's 800 Carlyle Avenue location. While shopping, Plaintiff allegedly slipped, tripped or was otherwise caused to fall. Plaintiff claims that she sustained serious and permanent injuries as a result. Plaintiff asserts that as a direct and proximate result of the negligent, careless and reckless acts of Defendant Shop 'n Save, she sustained an injury to her left ankle, an injury to her left and right shoulder, an injury to her lumbar spine and that other areas that were impacted by the fall.

Plaintiff filed this lawsuit again Shop 'n Save and Supervalu, Inc. The Shop 'n Save store where Plaintiff allegedly fell is operated by Shop 'n Save Warehouse Foods, Inc, which is a subsidiary of Supervalu, Inc.

## Discussion

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the Court accepts as true all facts alleged in the Complaint

1

and construes all reasonable inferences in favor of the plaintiff. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006). To state a claim upon which relief may be granted, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

Defendant asserts that Plaintiff has not set forth facts sufficient to support her claims for relief. Additionally, Defendant contends that Plaintiff's claim fails because she has not made any allegations directed to piercing the corporate veil, so as to impose liability on Supervalu, Inc. for the actions of employees of Shop 'n Save and that Plaintiff has alleged no basis to disregard the separate corporate status of Supervalu, Inc. and impose liability on it for the alleged negligence of employees of Shop 'n Save Warehouse Foods, Inc.

The Court may in its discretion construe a party's failure to file a response as an admission of the merits of the motion. *See* Local Rule 7.1(c) (stating a failure to respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results."). Given the nature of the assertions an arguments set forth in Defendant's motion, the Court opts to exercise its discretion and construes Plaintiff's failure to challenge Defendant's motion as an admission of the merits. Accordingly, the motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant Supervalu Inc. be **DISMISSED** from this action **WITHOUT PREJUDICE**. The clerk is **DIRECTED** to TERMINATED Supervalu, Inc. as a defendant.

**DATED:  November 27, 2017**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**